UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Lester Jon Ruston,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>George W. Bush *et al.*,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)　Civil Action No. 08 0732<br>)<br>)<br>)<br>)<br>) |

FILED
APR 29 2008
Clerk, U.S. District and
Bankruptcy Courts

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2) (requiring dismissal upon a determination that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from an immune defendant).

Plaintiff is a civil detainee at the Federal Medical Center Devens in Ayer, Massachusetts. He sues President George Bush and the Office of the Attorney General of the United States under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961 *et seq.*, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He seeks damages exceeding $50 million.

Plaintiff accuses President Bush and the Office of the Attorney General of conspiring "to inflict damage to [his] person and small business . . . by acts of extortion, blackmail, mail fraud, wire fraud, embezzlement . . . witness tampering" and other misdeeds. Compl. at 2. Essentially, plaintiff accuses President Bush of being the mastermind behind his criminal prosecution and incarceration. Plaintiff's allegations present the type of fantastic or delusional scenarios found

to justify immediate dismissal of a complaint as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994). Besides, the RICO claim fails because Congress has not waived the United States' immunity against such claims. *See Norris v. Department of Defense*, 1997 WL 362495 (D.C. Cir. 1997) (finding claim for treble damages under the RICO Act "barred by the doctrine of sovereign immunity"); *Andrade v. Chojnacki*, 934 F. Supp. 817, 831 (S.D. Tex. 1996) ("Absent an express waiver of sovereign immunity, a RICO action cannot be maintained against the United States.") (citing cases). And the *Bivens* claim fails because the allegations of President Bush's personal involvement in plaintiff's plight are simply unbelievable. *See Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993) (A federal official may be held personally liable under *Bivens* only for unconstitutional conduct in which he was personally and directly involved.). A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Rosemary M. Collyer
United States District Judge

Date: March 25, 2008